# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID J. EDWARDS, | ) | 1:06mc0032 SMS |
| | ) | |
| Plaintiff, | ) ) ) | ORDER REQUIRING PLAINTIFF TO SERVE COMPLAINT |
| v. | ) | |
| REVENUE OFFICER DENNIS R. COLLINS, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff David J. Edwards, proceeding pro se, filed an ex parte application to quash a defective notice of lien on August 4, 2006. Plaintiff filed an amended application on August 28, 2006. Plaintiff names Internal Revenue Officer Dennis R. Collins as Defendant.

On September 14, 2006, Plaintiff filed a proof of service showing that he served Defendant with the relevant papers on August 30, 2006.

On October 23, 2006, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to serve the proper parties. The Court referred Plaintiff to F.R.Civ.P. 4( i )(1), which requires that the summons and complaint also be served on the Internal Revenue Service, the United States Attorney General and the United States Attorney for the Eastern District of California.

Plaintiff filed his response to the order to show cause on November 1, 2006. The response purports to set forth four causes of action. Plaintiff further explains that Dennis Collins

1  was the only person served because he was acting outside the jurisdiction of the IRS and is
2  therefore individually liable.  Plaintiff also states that he would serve the IRS and other necessary
3  parties concurrently with his filing, but as of the date of this order, he has not done so.

4        Plaintiff's response sets forth his belief as to why Defendant Collins is the only party that
5  needs to be served.  However, Plaintiff's response also somewhat confuses the answer to this
6  question.  Indeed, there are circumstances where a federal official may be sued in his individual
7  capacity, such as when the official acts beyond the statutory limitations of his power, i.e., when
8  he acts without any authority whatsoever.  Florida Dep't of State v. Treasure Salvors, Inc., 458
9  U.S. 670 (1982); Larson v. Domestic& Foreign Commerce Corp., 337 U.S. 682, 689-690 (1949).
10 Plaintiff's response, though, sets forth different allegations and different requests for relief than
11 his ex parte application to quash the notice of lien.  As Plaintiff doesn't specifically indicate that
12 he wishes to amend his ex parte request and because the filing was prepared only in response to
13 the Court's order to show cause, the Court will base its analysis on the allegations set forth in his
14 ex parte application.[1]

15       The issue presented is whether Plaintiff's action is against Dennis Collins in his
16 individual or official capacity.  If the answer is the latter, Plaintiff must serve the parties required
17 in F.R.Civ.P. 4( i )(1).

18       A claim for erroneous assessment and collection of taxes can only be asserted against the
19 United States, and not against an individual IRS officer. To the extent Plaintiff alleges taxes were
20 erroneously assessed or collected by Defendant, 28 U.S.C. § 1346 provides, in relevant part, that
21 the district courts have jurisdiction over

> "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."
> 28 U.S.C. § 1346(a)(1).

---

[1] Federal Rule of Civil Procedure 15(a) allows for one amendment as of right before the filing of a responsive pleading.  Any additional amendments require leave of court.  Plaintiff has already filed his one amendment as of right and will therefore need leave of court for future amendments.

1  Under 26 U.S.C. § 7422(f)(1), Congress explicitly incorporates employee immunity into the tax code: "A suit or proceeding . . . may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." Section 7422(f)(2) requires the substitution of the United States as defendant in any claim brought against its employees.

A suit against IRS employees in their official capacity is essentially a suit against the United States. See Gilbert, 756 F.2d at 1459 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)). Even where a taxpayer alleges an IRS employee "recklessly or intentionally disregards" any provision of the Revenue Code, the statute makes a suit against the United States "the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a).

Plaintiff's amended ex parte application seeks to quash an allegedly defective notice of lien filed by Defendant Dennis Collins. The lien pertains to real property located in Clovis, California, and for which an escrow was scheduled to close on July 17, 2006. Plaintiff alleges that the notice was improperly filed, defective and incomplete. He further alleges that the filing was fraudulent because no taxes were owed. He requests that the Court quash the lien as ineffective and allow the escrow to close.

Despite Plaintiff's contention that Defendant was acting in his individual capacity, the acts he complains of are within the official duties of IRS employees in the assessment or collection of taxes. Therefore, Plaintiff should serve all necessary parties under F.R.Civ.P. 4(i)(1).

Plaintiff is GRANTED fifteen (15) days from the date of service of this order to serve the proper parties. Failure to respond to this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **December 8, 2006**        /s/ **Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE